FILED
United States Court of Appeals
Tenth Circuit

August 20, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DAVID APODACA,

      Defendant-Appellant.

No. 10-2061
(D.C. No. 1:08-CV-01025-WJ-KBM; and
1:06-CR-01828-WJ-6)
(D. N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **EBEL** and **LUCERO**, Circuit Judges.

David Apodaca, a prisoner of the United States sentenced to twenty years'

imprisonment after pleading guilty to charges of conspiracy to distribute

methamphetamine and marijuana, seeks a Certificate of Appealability (COA) allowing

him to appeal the district court's denial of his motion to vacate, set aside, or correct his

sentence, filed under 28 U.S.C. § 2255. Apodaca was sentenced pursuant to a plea

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

agreement under Fed. R. Crim. P. 11(c)(1)(C), whereby he and the United States agreed in advance to the length of his sentence. In his § 2255 petition, he alleges that the U.S. Attorney breached a number of unwritten promises made to him, and that his trial counsel was constitutionally ineffective for failing to raise certain arguments at sentencing. The district court assigned the case to a magistrate judge, who suggested in a detailed Report & Recommendation that the petition be dismissed; the district court adopted that recommendation in its entirety, and denied Apodaca's requests for a COA and to proceed on appeal in forma pauperis. Apodaca now asks this Court to grant a COA that he might appeal the district court's decision. We DENY that request.

Under 28 U.S.C. § 2253(c)(1)(B), Apodaca may only obtain review of the district court's dismissal of his § 2255 petition if this Court elects to grant a COA. He may be granted a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Apodaca can make out such a showing by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation marks omitted).

After fully reviewing the record and Apodaca's arguments, we hold that the magistrate judge's careful and thorough Report & Recommendation correctly disposed of Apodaca's claims in his petition. While Apodaca claims that the U.S. Attorney made certain promises that were later broken, the record is devoid of any such promises, and the letter signed by Apodaca prior to his first interview indicates that no additional

2

promises had been made. (R. vol. I at 127-29.) The plea agreement also indicated that no additional promises had been made. (R&R at 4.) And at his Fed. R. Crim. P. 11 change-of-plea hearing, Apodaca stated in open court that he had been made no promises other than those in the written plea agreement. (R. vol. I at 136-37.) And as the magistrate judge noted, Apodaca's attorney did in fact raise the sentencing argument that Apodaca now insists was not raised. (R&R at 31-32.) On the whole, by entering into the Rule 11(c)(1)(C) agreement, Apodaca received a far more lenient sentence than he would have likely received without the benefit of the agreement.

For those reasons, and after a careful review of the record, we adopt the reasoning of the magistrate judge's Report & Recommendation, which was adopted by the district court. Reasonable jurists could not disagree over the correctness of the district court's dismissal of Apodaca's § 2255 petition, and so we DENY a COA, DENY in forma pauperis status, and DISMISS this appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

3